# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.  No. 1:16-cr-52-NBB

ANTHONY STRONG

## MEMORANDUM OPINION

This matter comes before the court on the pleading of Anthony Strong entitled, "Reduction of Sentence (2) Points," which this Court has deemed a motion to reduce Strong's sentence. ECF doc. 63. After considering Strong's motion and the applicable law, the Court denies Strong's request to reduce his sentence.

## Facts and Procedural Posture

Strong was indicted for possession of a firearm by a convicted felon (Count I). ECF doc. 1. Strong pleaded guilty to Count I and was sentenced to serve a term of eighty (80) months. ECF docs. 34 and 48. On appeal, Strong's conviction and sentence were affirmed by the Fifth Circuit. ECF doc. 60. On May 2, 2018, Strong filed a pleading entitled "Reduction of Sentence (2) Points." ECF doc. 63.

## Standard

In his instant pleading, Strong cites to no law or argument in support of a reduction of sentence other than the title of "Reduction of Sentence (2) Points." ECF doc. 63. Based on this title, the Court has deemed this pleading as an attempt to receive a reduction pursuant to 18

§3582(c)(2). Under this provision, this Court has the discretion to reduce a criminal defendant's sentence. In order to warrant such a reduction of sentence, the court must find that:

> **(i)** extraordinary and compelling reasons warrant such a reduction; or
>
> **(ii)** the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;

§3582(c)(1)(A). A sentence reduction may also be warranted pursuant to F.R.Cr.P. 35. §3582(c)(2). Further, under §3582(c)(2) the court may reduce a term if the sentencing range on which it was based has subsequently been reduced.

### Strong is not Entitled to a Sentence Modification

Strong's instant pleading is written in as a letter with the title "Subject: Reduction of Sentence (2) Points." ECF doc. 63. However, this is the only reference to a reduction of his sentence. Strong's pleading consists of a narrative setting forth his beliefs and offers no argument or law in support of a reduction of sentence. Allegations raised in *pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers" and must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Fifth Circuit has held, however, that a *pro se* litigant must still adequately brief an issue in order to preserve that claim. *Price v. Digital Equipment Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988). In the instant case, Strong has not pointed to any changes in the applicable sentencing ranges nor provided any authority to

demonstrate that there are "extraordinary and compelling reasons to warrant such a reduction" as required by §3582 (c)(1)(A).

## Conclusion

As discussed above, to the extent Strong is seeking a reduction in his sentence, he has not demonstrated that he is entitled to such relief and the instant motion to reduce Anthony Strong's sentence will be denied. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this the 7th day of May, 2018.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**