IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ANTHONY STRONG                                                                                            MOVANT

V.                                                                                                    NO. 1:16CR52-NBB

UNITED STATES OF AMERICA                                                                           RESPONDENT

### ORDER OF DISMISSAL

This matter is before the Court, *sua sponte*, for consideration of dismissal. Before the Court are two motions filed by federal inmate Anthony Strong: (1) a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c), and (2) a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Having considered the pleadings and the record, along with the relevant law, the Court finds that it is unnecessary to require a Government response[1] or hold an evidentiary hearing[2] with regard to Strong's requests for relief, and that the motions will be denied, for the reasons that follow.

### I. Background Facts and Procedural History

On May 25, 2016, Anthony Strong was indicted in the Northern District of Mississippi on one count of being a felon in possession of a firearm pursuant to 18 U.S.C. § 922(g)(1). Doc. #1. During the commission of the federal offense, Strong injured a toddler. Specifically, a two-year-old child playing outside the Southview Apartments in Aberdeen, Mississippi, was struck by a

---

[1] Under Rule 5(a) of the Rules Governing § 2255 Proceedings, "[t]he respondent is not required to answer the motion unless a judge so orders."

[2] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b); *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *United States v. Bondurant*, 689 F.2d 1246, 1251 (5th Cir. 1982). Accordingly, if there is no "independent indicia of the likely merit" of the allegations made in the motion, a hearing is not required. *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (citation omitted).

stray bullet fired by Strong and suffered nonfatal injuries. Pre-Sentence Investigation Report ("PSR") at ¶6. A witness identified Strong as the shooter, and records and ballistics testing linked the gun to Strong. *Id.* at ¶¶ 7-9. On January 18, 2017, Strong pleaded guilty to the federal charge, acknowledging that he had possessed a firearm on June 24, 2013, that had previously been transported in interstate commerce, and that he had previously been convicted of manslaughter in the Monroe County Circuit Court in Aberdeen, Mississippi. Doc. #42 at 15.

At his plea hearing, Strong and his counsel advised the Court that Strong was facing state-court charges of aggravated assault in Monroe County, Mississippi, related to the shooting of the child, and that as part of plea negotiations in the federal case, the District Attorney in Monroe County had agreed to run his state sentence concurrent to any federal sentence Strong received. Doc. #42 at 11; Doc. #52 at 8, 10.

The PSR prepared in advance of Strong's sentencing recommended that based on Strong's total offense level of 21 and a criminal history category of III, Strong's range under the United States Sentencing Guidelines ("Guideline(s)") was determined to be 46 to 57 months. PSR at ¶68. At sentencing, the Court granted the Government's motion for an upward variance, due in part to Strong's violent criminal history and the injury to the child. *See* Doc. #52 at 11. The Court imposed a sentence of 80 months of incarceration and 3 years of supervised release. Doc. #48. Judgment was entered on May 24, 2017. *Id.*

On appeal, Strong argued that his upward variance was unreasonable and that this Court failed to properly advise him of the possibility of an upward variance in this case. *See* Doc. #61. On March 15, 2018, this Court's judgment was affirmed by the appellate court, and Strong's motion for an extension of time to file a petition for rehearing was subsequently denied. *Id.*, Doc. #62.

On or about May 2, 2018, Strong, proceeding *pro se*, filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) that was denied by this Court on May 7, 2018. Docs. #63-#65. A second *pro se* motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c) — the one currently pending before the Court — was filed on May 29, 2018. Doc. #66. On or about June 5, 2018, Strong, again proceeding *pro se*, filed a § 2255 motion alleging a speedy-trial violation as a result of the State-court's delay in indicting him and bringing him to trial on charges of aggravated assault. Doc. #68.[3]

## II. Motion for Sentence Reduction

Strong argues that he is entitled to a sentence reduction under § 3582(c): (1) because of Amendment 782 to the United States Sentencing Guidelines; (2) because the United States recently struck down a clause "requiring a sentencing enhancement for past 'violent felonies' in *Johnson v. United States;*" (3) because his prior manslaughter conviction was used to determine both his offense level and his criminal history score; and (4) because uncharged offenses were improperly considered in determining his relevant conduct.

Under § 3582(c), this Court has the discretion to reduce a criminal defendant's sentence. In order to warrant such a reduction of sentence, the court must find that:

> **(i)** extraordinary and compelling reasons warrant such a reduction; or
>
> **(ii)** the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination

---

[3] Although Strong does not indicate the posture of his state-court case, a review of the online docket of the Mississippi Supreme Court indicates that he was convicted of his state-court charges. *See Strong v. State of Mississippi*, No. 2016-M-01673, https://courts.ms.gov/newsite2/index.php (search "Anthony Strong") (last visited June 8, 2018).

> has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;

§3582(c)(1)(A). A sentence reduction may also be warranted pursuant to F.R.Cr.P. 35. §3582(c)(2). Further, under §3582(c)(2) a court may reduce a term if the sentencing range on which it was based has subsequently been reduced.

The Court finds, for the second time, that Strong is not entitled to a sentence reduction in this case pursuant to § 3582(c).[4] First, Amendment 782 has nothing to do with Strong's case; it lowered a drug-quantity Guideline range. *See United States v. Quintanilla*, 868 F.3d 315, 319 (5th Cir. 2017) ("Amendment 782 lowered only the § 2D1.1 drug quantity guideline range, so if the § 2D1.1 guideline range was not 'applicable to [a] defendant,' then that defendant cannot receive a reduction under § 1B1.10 or § 3582(c)(2)."). Second, any *Johnson*-based relief is inapplicable, as Strong was not sentenced under the residual clause of the Armed Career Criminal Act or under the career offender provisions of the Guidelines. *See Johnson v. United States*, 135 S. Ct. 2251 (2015) (holding residual clause of ACCA is unconstitutionally vague); *see also Beckles v. United States*, 137 S. Ct. 886, 894 (2017) (holding that the Sentencing Guidelines are not subject to vagueness challenges under *Johnson*). Third, this Court's sentence, based on Strong's past conviction of violence and his numerous charges in other jurisdictions at the time of his sentencing, has been upheld. Finally, the Fifth Circuit has rejected Strong's "double counting" argument in similar circumstances. *United States v. Hawkins*, 69 F.3d 11, 15 (5th Cir. 1995) ("We conclude that the Guidelines permit consideration of [the defendant]'s felony conviction in calculating both his offense level and his criminal history. Because one of

---

[4] The Court acknowledges that some of the claims Strong raises in his § 3582 are more properly considered as claims arising under § 2255. The claims are wholly without merit under either provision.

the elements of the crime of possession of a firearm under § 922(g)(1) i[s] that the defendant have a prior felony conviction, one of [the defendant]'s convictions must be used in calculating his offense level. Although a more difficult question, it is also clear that the conduct that led to the earlier conviction constitutes a severable and distinct offense from the instant conviction, so that it was properly included in calculating [the defendant]'s criminal history category."). In sum, Strong is not entitled to § 3582 relief.

### III. Motion to Vacate, Set Aside, or Correct Sentence

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). A motion brought pursuant to § 2255 is a "means of collateral attack on a federal sentence." *Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (citation omitted). There are four separate grounds upon which a federal prisoner may move to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255: (1) the judgment was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the judgment; (3) the sentence exceeds the statutory maximum sentence; or (4) the judgment or sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Collateral attack limits a movant's allegations to those of "constitutional or jurisdictional magnitude." *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (citation omitted). Relief under § 2255 is reserved, therefore, for violations of "constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice." *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981).

At the outset, the Court notes that it is not entirely clear whether Strong is complaining that his speedy-trial rights were violated in his state case, his federal case, or both. To the extent that Strong intends to raise a federal challenge any state-court conviction for manslaughter based

5

on a violation of his speedy-trial rights, he must pursue a petition under 28 U.S.C. § 2254. To the extent that he seeks to assert a speedy-trial violation as a result of his federal proceedings, the Court finds that he is precluded from doing so because he pleaded guilty in this case. A guilty plea waives all non-jurisdictional defects in a proceeding. *United States v. Broussard*, 645 F.2d 504, 505 (5th Cir. 1981). A violation of a right to a speedy trial is non-jurisdictional. *See, e.g., United States v. Yunis,* 723 F.2d 795, 796 (11th Cir. 1984). Moreover, Strong has not explained why he could not have raised this issue on direct appeal. *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (holding defendant cannot raise challenge for the first time on collateral review absent a showing of cause for the defaulted claim and actual prejudice from the error). Therefore, Strong is not entitled to § 2255 relief.

## IV. Certificate of Appealability

When considering a § 2255 motion, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Strong must obtain a COA before he may appeal the denial of his § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to COA determination in § 2255 proceeding). To obtain a COA on a claim that has been rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would

find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.  Based on the *Slack* criteria, the Court finds that a COA should not issue in this cause.

## V.  Conclusion

For the reasons set forth herein, Strong's motions [66][68] are **DENIED**, and a COA from the denial of his § 2255 motion is **DENIED**.  A final judgment consistent with this Order will enter today.

**SO ORDERED** this 8th day of June, 2018.

/s/ Neal Biggers
**SENIOR U.S. DISTRICT JUDGE**