IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**ANTHONY STRONG**                                                     **MOVANT**

**V.**                               **NO. 1:16CR52-NBB**

**UNITED STATES OF AMERICA**                   **RESPONDENT**

**MEMORANDUM OPINION AND ORDER**

Federal inmate Anthony Strong has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Respondent has filed a response in opposition to the motion, to which Strong has failed to file a timely reply. Having considered the pleadings and the record, along with the relevant law, the Court finds that it is unnecessary to hold an evidentiary hearing[1], and Strong's motion will be denied.

**I. Background Facts and Procedural History**

On May 25, 2016, Anthony Strong was indicted in the Northern District of Mississippi on one count of being a felon in possession of a firearm pursuant to 18 U.S.C. § 922(g)(1). Doc. #1. During the commission of the federal offense, a toddler was struck by a stray bullet fired by Strong and suffered nonfatal injuries. Pre-Sentence Investigation Report ("PSR") at ¶6. A witness identified Strong as the shooter, and records and ballistics testing linked the gun to him. *Id*. at ¶¶7-9. Strong was arrested for aggravated assault in the Monroe County Circuit Court for the same criminal conduct leading to the federal charge. *Id*. at ¶39. On January 18, 2017, Strong

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b); *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *United States v. Bondurant*, 689 F.2d 1246, 1251 (5th Cir. 1982). Accordingly, if there is no "independent indicia of the likely merit" of the allegations made in the motion, a hearing is not required. *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (citation omitted).

pleaded guilty to the federal charge, acknowledging that he had possessed a firearm on June 24, 2013, that had previously been transported in interstate commerce, and that he had previously been convicted of manslaughter in the Monroe County Circuit Court in Aberdeen, Mississippi. Doc. #42 at 15.

The PSR prepared in advance of Strong's sentencing recommended a total offense level of 21 based on offense level enhancements for use of a firearm, causing serious bodily injury, and acceptance of responsibility. PSR at ¶¶16-26. Strong's convictions for manslaughter in 1995 and writing a bad check in 2015 yielded a criminal history calculation of category III. PSR at ¶¶29-36. Strong's range under the United States Sentencing Guidelines ("Guideline(s)") was determined to be 46 to 57 months. PSR at ¶68. At sentencing, the Court granted the Government's motion for an upward variance, due to Strong's violent criminal history, which included charges of manslaughter, domestic assault, robbery, and other armed offenses. *See* Doc. #52 at 11. The Court imposed a sentence of 80 months of incarceration and 3 years of supervised release. Doc. #48. Judgment was entered on May 24, 2017. *Id*.

On appeal, Strong argued that his upward variance was unreasonable and that this Court failed to properly advise him of the possibility of an upward variance in this case. *See United States v. Strong*, 715 F. App'x 393 (5th Cir. 2018); Doc. #61. On March 15, 2018, this Court's judgment was affirmed by the appellate court, and Strong's motion for an extension of time to file a petition for rehearing was subsequently denied. *Id*., Doc. #62.

On or about May 2, 2018, Strong, proceeding *pro se*, filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) that was denied by this Court on May 7, 2018. Docs. #63-#65. A second *pro se* motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c) was filed on May 29, 2018. Doc. #66. On or about June 5, 2018, Strong, again proceeding *pro se*, filed a § 2255 motion alleging a speedy-trial violation as a result of the State-

court's delay in indicting him and bringing him to trial on charges of aggravated assault. Doc. #68. The Court denied Strong's motions. Docs. #69 & #70.

Strong subsequently filed a motion for reconsideration, alleging that this Court had improperly failed to warn him that he must bring all viable constitutional claims in his § 2255 motion. Doc. #71. He attached a § 2255 motion to the motion for reconsideration. *Id*. This Court granted Strong's motion for reconsideration and directed the Clerk to open a new § 2255 motion using Strong's newly-asserted claims of illegal sentencing, improper accusation of committing a crime of violence, and the ineffective assistance of counsel. *See* Docs. #72 & #73. Thereafter, the Court directed the Government to respond to Strong's allegations, and the Government filed its response on December 13, 2018. *See* Doc. #79. Strong did not submit a reply to the Government's response within the twenty-one days permitted for reply. *See* Doc. #72. Accordingly, this matter is ripe for review.

## II. Legal Standard

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). A motion brought pursuant to § 2255 is a "means of collateral attack on a federal sentence." *Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (citation omitted). There are four separate grounds upon which a federal prisoner may move to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255: (1) the judgment was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the judgment; (3) the sentence exceeds the statutory maximum sentence; or (4) the judgment or sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Collateral attack limits a movant's allegations to those of "constitutional or jurisdictional magnitude." *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (citation omitted). Relief under § 2255 is reserved,

therefore, for violations of "constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice." *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981).

### III. Ineffective Assistance of Counsel

To make a substantial showing of the denial of his Sixth Amendment right to the reasonably effective assistance of counsel, a movant must satisfy the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires him to demonstrate "that counsel's performance was deficient," and that "the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. To establish deficient performance, the movant "must show that counsel's representation fell below an objective standard of reasonableness." *Id*. at 687-88. The court's scrutiny of counsel's performance must be "highly deferential." *Id*. at 689. To prove prejudice, the movant must demonstrate that the result of the proceedings would have been different if counsel had performed effectively. *Id*. at 694. The prejudice inquiry does not merely require that the movant raise the "possibility of a different outcome," but rather, it requires the movant to "demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

Where a petitioner enters a guilty plea, he waives all claims of ineffective assistance of counsel except those that relate to the voluntariness of the plea itself. *See United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008). In order to prove that the alleged ineffectiveness relates to the guilty plea, the petitioner must show that there is a reasonable probability that, but for counsel's errors, the petitioner would not have pleaded guilty and would have insisted on going to trial. *See United States v. Juarez*, 672 F.3d 381, 385 (5th Cir. 2012) (citations and quotation marks omitted). A reasonable probability is one sufficient to undermine confidence in the outcome. *Id*.

at 388.

Strong claims that his attorney rendered ineffective assistance in failing to object to the Court's consideration of uncharged offenses in reaching his sentence and in failing to challenge the Court's consideration of the pending State-court offense in determining his offense level.

Under the Guidelines, relevant offense conduct is used to assess offense levels. *See* Guideline § 1B1.3(a)(1)(A) (noting that application of Guidelines calls for consideration of "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant"). An application note provides:

> Offense means the offense of conviction and all relevant conduct under § 1B1.3 (Relevant Conduct) unless a different meaning is specified or is otherwise clear from the context. The term "instant" is used in connection with "offense," "federal offense," or "offense of conviction," as the case may be, to distinguish the violation for which the defendant is being sentenced from a prior or subsequent offense, or from an offense before another court (e.g., an offense before a state court involving the same underlying conduct).

Guideline § 1B1.1, Application Note 1.I. In this instance, Strong used a firearm to shoot another individual constituting aggravated assault, and this was relevant offense conduct under § 1B1.3. Pursuant to the Guidelines, offense level calculations for prohibited persons in possession of a firearm include the type and nature of the firearm, whether the offense involved multiple weapons, whether the defendant has prior convictions for drug distribution or violent crimes, and the reason the person is prohibited from possessing a firearm. *See* Guideline § 2K2.1. Further, an individual is directed to apply the Guideline of the offense committed if "the defendant used or possessed any firearm or ammunition cited in the offense of conviction in connection with the commission or attempted commission of another offense[.]" Guideline § 2K2.1(c). Because Strong shot and wounded a child while committing the offense of being a felon in possession of a firearm, the aggravated assault Guideline was used to establish the base offense level.

5

Guideline § 2A2.2; PSR at ¶16.[2]

Here, the Guidelines were appropriately applied to the facts of Strong's case. Counsel's failure to object to the general theory and application of the Guidelines resulted in no prejudice to Strong, as his claims are non-meritorious. Therefore, counsel did not render ineffective assistance by failing to make a legally invalid argument. *United States v. Preston*, 209 F.3d 783, 785 (5th Cir. 2000) (holding "failure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness") (citation omitted).

### IV. Improper Punishment for Reckless Act

Strong claims that the aggravated assault Guideline was improperly applied to his case, as he did not intent to shoot a child during the commission of the federal offense. He argues that his offense should have been considered reckless, not violent, citing the Career Offender Guideline, § 4B1.

Strong's argument is without merit, as the Career Offender portions of the Guidelines were not used to reach Strong's sentence. Rather, his Guideline range was determined using the basic application principles in § 1B1, and the Guideline result was considered with other 18 U.S.C. § 3553(a) sentencing factors. His sentence varied based on his history as a dangerous, violent person. *See* Doc. #52 at 10-11.

Moreover, Strong intentionally shot a firearm, causing injury to the child by an intentional act. In *United States v. Reyes-Contreras*, 2018 WL 6253909 (5th Cir. Nov. 30, 2018), the Fifth Circuit recognized that "there is no valid distinction between direct and indirect force" for purposes of classifying crimes of violence. *Id.* at *9. Therefore, even if the "crime of

---

[2] Strong also makes a vague argument that the use of the pending aggravated assault offense to reach his sentence violated the Fifth, Sixth, and Eighth Amendments. This is a conclusory argument that cannot substantiate a § 2255 claim. *See United States v. Martinez*, 181 F.3d 627, 629 (5th Cir. 1999), *see also United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (noting "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue") (citation omitted).

6

violence" factor did enter Strong's sentence, his intentional shooting of a firearm that resulted in injury to a toddler would qualify as a violent act under *Reyes-Contreras*.

## V. Claims Adjudicated on Direct Appeal

As Respondent notes, underlying Strong's claims is an argument that this Court failed to adequately explain the sentencing process to him and imposed an "overly harsh and plainly unreasonable" sentence. *See* Doc. #73 at 6. These issues were raised and rejected on direct appeal. *Strong*, 715 F. App'x at 393. Claims rejected in a previous direct appeal are not cognizable in a § 2255 proceeding. *See United States v. Goudeau*, 512 F. App'x 390, 393 (5th Cir. 2013).

Law of the case considerations notwithstanding, the Court finds Strong's argument is otherwise unavailing. Here, Strong's 23-month departure still resulted in a sentence 40 months short of the 120-month statutory maximum. He had a prior violent criminal history that he failed to object to in the presentence report, and the sentence ultimately imposed by the Court was reasonable considering Strong's actions and the need to protect the public. *See, e.g., United States v. Williams*, 517 F.3d 801, 808-09 (5th Cir. 2008) (affirming 51-month upward variance in fraud case because offense "was horrendous and wrecked many people's lives").

## VI. Certificate of Appealability

When considering a § 2255 motion, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Strong must obtain a COA before he may appeal the denial of his § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims

7

debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to COA determination in § 2255 proceeding). To obtain a COA on a claim that has been rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Based on the *Slack* criteria, the Court finds that a COA should not issue in this cause.

## VII. Conclusion

For the reasons set forth herein, Strong's motion [73] is **DENIED**, and a COA from the denial of his § 2255 motion is **DENIED**. A final judgment consistent with this Order will enter today.

**SO ORDERED** this 13th day of February, 2019.

/s/ Neal Biggers
**SENIOR U.S. DISTRICT JUDGE**