IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ANTHONY STRONG                                                                               MOVANT

V.                                                                                  NO. 1:16CR52-NBB

UNITED STATES OF AMERICA                                                             RESPONDENT

## ORDER DENYING MOTION FOR RECONSIDERATION

Before the Court is Movant Anthony Strong's "Motion for Reconsideration" from this Court's judgment dismissing his § 2255 motion to vacate his federal sentence. Doc. #83.

### I. Background

After Strong submitted his § 2255 motion, the Court entered an order setting deadlines for the Government's response and any reply filed by Strong. *See* Doc. 72. Specifically, Strong was directed to file any desired reply within twenty-one days of the Government's response. *Id*. The Government filed its response on December 13, 2018, and Strong's reply was not received until January 7, 2019. *See* Docs. # 79 & 80. The Court noted in its Memorandum Opinion and Order disposing of this case that Strong had not submitted a timely reply. *See* Doc. #82 at 1.

Strong now asks the Court to reconsider its decision of his case after considering his reply, maintain that it was timely submitted to prison authorities for mailing by January 2, 2019. *See* Doc. #83, *see also Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (holding prisoner "files" document when it is submitted to prison authorities for mailing).

### II. Standard

Strong's request for reconsideration is governed by Federal Rule of Civil Procedure 59(e). An order granting Rule 59(e) relief is appropriate: (1) when there has been an intervening change in the controlling law, (2) where the movant presents newly discovered evidence that was

previously unavailable, or (3) to correct a manifest error of law or fact. *Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion cannot be used to raise theories or arguments which could, and should, have been made earlier, nor can it be used to re-urge matters that have already been advanced by a party. *Helena Laboratories Corp. v. Alpha Scientific Corp.*, 483 F.Supp.2d 538, 539 (E.D. Tex. 2007) (citation and quotation marks omitted).

### III. Discussion

The Court has reviewed Strong's reply and finds that none of his arguments warrant reconsideration of the Court's judgment. Contrary to Strong's arguments, his plea agreement did not state that no uncharged offenses would be used against him at sentencing; rather, the relevant portion of the agreement merely stated that the Government agreed not to charge Strong with any other offenses arising from the possession of firearm charge to which he pleaded guilty. *See* Doc. #33. Additionally, Strong's arguments that the Court improperly considered uncharged offenses, juvenile offenses, and his prior bad check conviction are without support, as the Guidelines make provisions for all of the conduct considered by the Court. *See* Guideline § 4A1.3(a)(2)(E) (court can consider similar conduct not resulting in criminal conviction); Guideline § 4A1.2(c)(1) (eighteen-month sentence for "insufficient funds check" properly counted under Guidelines); and Guideline § 4A1.2(d)(1) (manslaughter offense Strong committed at 16 properly counted under Guidelines where he was convicted as an adult and received 20-year sentence).

### IV. Conclusion

Nothing contained in Strong's reply justifies altering the judgment in this cause, and the instant motion [83] is **DENIED**. Because Strong has failed to make a substantial showing of the

denial of a constitutional right, a certificate of appealability from this decision is **DENIED**. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

    **SO ORDERED**, this the 21st day of March, 2019.

                                              /s/ Neal Biggers
                                              NEAL B. BIGGERS, JR.
                                              SENIOR U.S. DISTRICT JUDGE